IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET COMPANY II,<br><br>**Plaintiff**,<br><br>v.<br><br>EDWIN CRUZ-RIVERA, ABRAHAMNY AGOSTO-GARCIA, AND THE CONJUGAL PARTNERSHIP CONSTITUTED THEREIN,<br><br>**Defendants.** | **Civil No.** 16-1015 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is defendants' motion for summary judgment. (Docket No. 10.) Having considered the motion, as well as plaintiff's opposition (Docket No. 16), the Court **DENIES** the motion.

I. BACKGROUND

On January 4, 2016, plaintiff Roosevelt Cayman Asset Company II ("RCAC") filed a complaint against Edwin Cruz-Rivera, Abrahamny Agosto-Garcia, and the Conjugal Partnership constituted by them (collectively, the "defendants".) (Docket No. 1.) RCAC alleges that defendants "have breached the[ir] loan repayment obligations towards [RCAC] by failing to make the agreed upon payments" on a promissory note that defendants had previously "subscribed, signed

---

[1] Mariana Deseda-Colon, a recent graduate of the University of Puerto Rico School of Law, assisted in the preparation of the Memorandum and Order.

Civil No. 16-1015 (FAB)                                                     2

and delivered" to Doral Bank.  Id. at pp. 2, 4.  As the "present . . . holder and owner" of both the promissory note and the mortgage deed securing repayment of the promissory note, RCAC seeks either: (1) full payment of the promissory note - including payment of outstanding principal, accrued interest, late fees, and certain other fees and costs - or (2) foreclosure of the mortgage.  Id. at pp. 4-5.

On June 21, 2016, defendants filed a motion for summary judgment seeking wholesale dismissal of plaintiff's complaint because the mortgage deed at issue - having never been recorded in the Puerto Rico Property Registry - is "null and void."  (Docket No. 10 at p. 1.)  RCAC opposed defendants' motion, claiming that, even if foreclosure is not a viable option until its mortgage deed has been officially recorded, it is still entitled - as the holder of a promissory note that was duly executed and endorsed in its favor - to pursue a personal action for collection of monies against defendants.  See Docket No. 16 at p. 7.

## II.   LEGAL STANDARD

**A.   Summary Judgment Standard**

A court will grant summary judgment if the moving party shows, based on materials in the record, "that there is no genuine dispute as to any material fact and [the moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute is genuine if the evidence about the fact is such that a reasonable

jury could resolve the point in the favor of the non-moving party." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodriguez-Rivera v. Federico Trilla Reg'l Hosp. of Carolina, 532 F.3d 28, 30 (1st Cir. 2008)).  A fact is material if it has the potential of determining the outcome of the litigation." Id.

At the summary judgment stage, a court must construe the entire record in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor.  DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005).  The court disregards conclusory allegations and unsupported speculation.  McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014).  The court also refrains from making credibility determinations and weighing the evidence. Id.

### III. DISCUSSION

Plaintiff RCAC seeks either collection of the money owed pursuant to the promissory note, or foreclosure of the mortgage deed securing that note.  See Docket No. 1 at p. 5.  Defendants maintain that this action is barred in its entirety because the mortgage deed held by RCAC "has never been registered in the Puerto Rico Property Registry."  (Docket No. 10 at p. 5.)  The Court disagrees with this sweeping conclusion.

Puerto Rico law establishes that "it is indispensable, in order that [a] mortgage may be validly constituted, that the

Civil No. 16-1015 (FAB)                                                4

instrument in which it is created be entered in the registry of property."  P.R. Laws Ann. tit. 31 § 5042.  In other words, "under Puerto Rican law[,] recording is essential to the validity of a mortgage . . . [and] one that is not recorded is a nullity."  In re Roldan, No. 10-10792, 2012 WL 2221410, at *8 (Bankr. D.P.R. June 13, 2012) (quoting In re Las Colinas, Inc., 426 F.2d 1005, 1016 (1st Cir. 1970)); see also Rosario Pérez v. Registrador, 15 P.R. Offic. Trans. 644, 649 (P.R. 1984) ("the security of a . . . credit does not constitute a real security — mortgage — until it is entered in the [Property] Registry").

Because the property here is still pending to be recorded, RCAC's mortgage is currently "a nullity."  See In re Las Colinas, Inc., 426 F.2d at 1016.  This fact is uncontested.  (Docket Nos. 10 and 16.)   RCAC is therefore not entitled to pursue the latter option at this time.[2]

The collection action, however, is not based on the mortgage deed, but rather, on the promissory note.  See Docket No. 16 at pp. 6-7; see also Black's Law Dictionary 1163, 1226 (10th ed. 2014) (distinguishing a "mortgage" – "a conveyance of title to property

---

[2] In its opposition to defendants' motion for summary judgement, RCAC admits the impropriety of its request for foreclosure of the mortgage.  See Docket No. 16 at p. 7 ("There is no controversy as to the fact that, at this point in time, plaintiff is barred from requesting judgment for the foreclosure of mortgage, considering that, as of today, the mortgage is not duly recorded in the Registry of Property.")

Civil No. 16-1015 (FAB)                                                5

that is given as security for the payment of a debt or the performance of a duty and that will become void upon payment or performance according to the stipulated terms" – from a "promissory note" – "an unconditional written promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order to, the bearer or a designated person.).

Creditors have a right to pursue a personal collection action against their debtors.  See P.R. Prod. Credit Assoc. v. Registrar of Property of Ponce II, 23 P.R. Offic. Trans. 213[3] (P.R. 1989), see also CRUV v. Torres Perez, 11 P.R. Offic. Trans. 879, 882 (P.R. 1981).  "Section 191 of the Mortgage Law, P.R. Laws Ann. tit. 30 § 2610, recognizes the personal claim."  Id.

As the current holder and owner of the promissory note evidencing the defendants' debt, RCAC is still entitled - even without a recorded mortgage deed - to pursue a personal action against the defendants for the collection of the debt owed on the mortgage note.  P.R. Laws Ann. tit. 31 § 5171 ("A debtor is liable for the fulfilment of his obligations with all his present and future property.").  In this case, even though the foreclosure is barred, the debtor is still obliged to fulfil his obligation on the loan, which may entitle plaintiff to collect the debt from assets other than the real property.

---

[3] No pincite provided in English translation.

Civil No. 16-1015 (FAB)                                                        6

### III. CONCLUSION

For the reasons outlined above, defendants' motion for summary judgment is **DENIED**.  (Docket No. 10.)  Although plaintiff RCAC is barred from seeking foreclosure of its mortgage deed until the deed is officially recorded with the Puerto Rico Property Registry, it may still proceed with a personal action for collection of monies against defendants based on the promissory note and the loan contract.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, February 6, 2017.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        United States District Judge