# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET CO., II,<br><br>**Plaintiff,**<br><br>v.<br><br>EDWIN CRUZ-RIVERA, *et al.*,<br><br>**Defendants.** | **Civil No.** 16-1015(FAB) |

## OPINION AND ORDER[1]

BESOSA, District Judge.

Plaintiff Roosevelt Cayman Asset Company, II ("Roosevelt") filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) ("Rule 56"). (Docket No. 19.) For the reasons set forth below, the Court **GRANTS** Roosevelt's motion for summary judgment.

## I. Background

This litigation concerns a 2007 promissory note between Doral Bank ("Doral") and defendants Edwin Cruz-Rivera ("Cruz"), Abrahamny Agosto-García ("Agosto"), and the conjugal partnership existing between them (collectively, "defendants"). (Docket No. 1.)[2] Doral loaned the defendants $105,600.00 to purchase a

---

[1] Jeremy S. Rosner, a third-year student at Emory University School of Law, assisted in the preparation of this Opinion and Order.

property in Río Grande, Puerto Rico. (Docket No. 19, Ex. 3 at p. 1.) In exchange for this loan, the defendants provided Doral with a promissory note. Id. The promissory note stated that the defendants "promise[d] to pay [Doral] $105,600 . . . , plus interest" at an annual rate of 6.75 percent until the loan has been repaid. Id.[3] The defendants presented Doral with a mortgage to the Rio Grande property to serve as collateral. (Docket No. 19, Ex. 4 at p. 5.) The promissory note included an "acceleration clause" which permitted Doral to demand "the full amount of Principal which has not been paid and all the interest that [the defendants] owe" in the event of default. Id. at p. 3. On May 31, 2007, the Federal Deposit Insurance Company ("FDIC"), acting as Doral's receiver, assigned the promissory note to Roosevelt. (Docket No. 19, Ex. 3 at p. 9.)[4] According to Roosevelt's loan servicer, Rushmore Loan Management Services, LLC, ("Rushmore")'s declaration under penalty of perjury, the defendants defaulted on

---

[2] The following facts are deemed admitted by both parties pursuant to Local Rule 56. See R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130-31 (1st Cir. 2010) (citing Loc. R. 56(e)).

[3] Pursuant to the promissory note, the defendants agreed to make monthly payments on the first day of each month in the amount of $684.92, until all the principal and interest on the loan had been paid back. Id. at pp. 1-2.

[4] The Commissioner of Financial Institutions of Puerto Rico closed Doral Bank on February 27, 2015. See Failed Bank Information for Doral Bank, San Juan, PR, available at https://www.fdic.gov/bank/individual/failed/doral.html, (last visited on June 29, 2018). The FDIC is Doral's receiver. Id. The promissory note identifies the noteholder as "the [original] lender or anyone who takes th[e] [n]ote by transfer and who is entitled to receive payments under th[e] Note." (Docket No. 19, Ex. 3 at p. 1.)

the promissory note. (Docket No. 19, Ex. 6 at p. 1.) As a result of this default, Rushmore indicates that as of December 9, 2015 the defendants owe Roosevelt:

> $136,757.40 in principal, deferred principal balance of $1,261.52, for a total outstanding principal balance of $138,018.92, accrued interest which continues to accrue until full payment of the debt at the rate of 6.75% per annum, accrued late charges and any other advance, charge, fee or disbursements made by [Roosevelt], on behalf of [the] defendants, in accordance with the mortgage [], plus costs, and ten (10) percent in attorney['s] fees.

Id. at pp. 1-2.

Roosevelt commenced this action on January 4, 2016, requesting that the defendants pay the outstanding debt on the loan. (Docket No. 1 at pp. 4-5.) Cruz and Agosto did not answer the complaint. Roosevelt moves for summary judgment, asserting that defendants defaulted on the loan, and that the defendants owe Roosevelt $138,018.92 in outstanding debt. (Docket No. 19, Ex. 7 at p. 10.)

## II. Summary Judgment Standard

A court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the

outcome of the litigation." Dunn v. Trs. of Bos. Univ., 761 F.3d 63, 68 (1st Cir. 2014) (quoting Patco Constr. Co. v. People's United Bank, 684 F.3d 197, 206-07 (1st Cir. 2012)).

The role of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Tobin v. Fed. Exp. Corp., 775 F.3d 448, 450 (1st Cir. 2014) (internal citation omitted). The party moving for summary judgment has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact" with definite and competent evidence. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must identify "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that support its motion. Id. (quoting Fed. R. Civ. P. 56(c)).

Once a properly supported motion has been presented, the burden shifts to the nonmovant "to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (internal citation omitted). "When the nonmovant bears the burden of proof on a particular issue, [it] can thwart summary judgment only by identifying competent evidence in the record sufficient to create a jury question." Tobin, 775 F.3d at 450-51 (citation omitted). A court must "draw[] all reasonable inferences in favor

of the non-moving party while ignoring conclusory allegations, improbable inferences, and unsupported speculation." Alicea v. Machete Music, 744 F.3d 773, 778 (1st Cir. 2014) (quoting Smith v. Dorchester Real Estate, Inc., 732 F.3d 51, 76 (1st Cir. 2013)).

**III. Jurisdiction**

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), because the dispute is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

**IV. Discussion**

Roosevelt is precluded from seeking foreclosure, "[b]ecuase the property here is still pending to be reordered." Roosevelt Cayman Asset Co., II v. Cruz-Rivera, 232 F. Supp. 3d 230, 231 (D.P.R. 2017) (Besosa, J.) ("Puerto Rico law establishes that 'it is indispensable, in order that [a] mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of the property.'") (citing P.R. Laws Ann. tit 31, § 5042).[5] Accordingly, this action is based solely on the collection of monies pursuant to the promissory note. Id.; see

---

[5] Cruz and Agosto moved for summary judgment because, they argued, the mortgage deed held by Roosevelt "has never been registered in the Puerto Rico Property Registry." Cruz-Rivera, 232 F. Supp. 3d at 233. The Court held that "even though the foreclosure is barred, the [defendants] are still obliged to fulfil [their] obligation on the loan, which may entitle [Roosevelt] to collect the debt from assets other than the real property." Id.

Condado 3 CFL, LLC v. Ramón Reyes-Trinidad, No. 17-1104, 2018 U.S. Dist. LEXIS 76154, at *6 (D.P.R. May 3, 2018) (Besosa, J.) ("Any debt can give rise to a personal action for collection of monies which may eventually be executed upon personal or any other property of the debtor. These proceedings will be filed against the debtor and the prayer for relief is limited to money.") (citation omitted). Puerto Rico law governs the Court's analysis in this diversity suit. Hoyos v. Telecorp Comm'ns Inc., 488 F.3d 1, 5 (1st Cir. 2007) ("[A] federal court sitting in diversity or exercising supplemental jurisdiction over state law claims must apply state substantive law.").

According to Cruz and Agosto, summary judgment is not proper because genuine issues of material fact exist regarding: (1) whether "the parties have a binding contract," (2) whether the "defendants defaulted in their obligations," and (3) presuming the defendants defaulted, what "amount [Roosevelt] is owed". (Docket No. 26 at p. 2.) The defendants' arguments are unavailing.

**A.   Validity of the Contract**

Doral and the defendants entered into a valid contract in the form of a promissory note. See Docket No. 19, Ex. 3 at

p. 1.[6]  Pursuant to Puerto Rico law, a valid contract requires "(1) consent of the contracting parties, (2) a definite object which may be the subject of the contract, and (3) the cause for the obligation which may be established."  Acosta-Castillo v. Guzmán-Lora, No. 11-1513, 2012 U.S. Dist. LEXIS 130126 (Sept. 11, 2012) (Besosa, J.) (citing P.R. Laws. Ann. tit. 31, § 3991).

    Defendants provided Doral with the promissory note in exchange for a $105,600.00 loan.  (Docket No. 19, Ex. 3)  Indeed, the defendants merely inquire whether "the parties have a binding contract" without citing precedent or identifying material facts that would undermine the existence of a valid promissory note. (Docket No. 26 at p. 2.)  The defendants accepted the following material fact submitted by Roosevelt as true:  "for value received, [the] defendants subscribed, signed and delivered a [promissory] note . . . for the principal amount of one hundred five thousand six hundred dollars ($105,600) with interest at the rate of 6.750%

---

[6] Black's Law Dictionary defines a 'promissory note' as "a promise or engagement, in writing, to pay a specified sum at a time therein stated, or on demand, or at sight, to a person named therein, or to his order, or bearer." See Black's Law Dictionary, at 1214 (6th ed. 1990). "In a mortgage, relationship, . . . it is important to distinguish between the [promissory note] and the mortgage." Chi. Title Ins. Co. v. Segui Sotomayor, 394 F. Supp. 2d 452, 460 (D.P.R. 2005) (Pieras, J.).  "[A] mortgage is merely a guarantee of a [promissory note], which in turn is secured by a particular property." Id. "Failure to promptly record the mortgage deed turn[s] the promissory note into a personal obligation, unsecured, solely enforceable against the maker." Roig Commercial Bank v. Dueño, 617 F. Supp. 913, 915 (D.P.R. 1985) (Laffitte, J.). Even if a mortgage goes unrecorded, "the personal obligation to repay the loan still stands." Chi. Title Ins., 394 F. Supp. 2d at 461.

per annum." (Docket No. 19, Ex. 2 at pp. 1-2.)[7] Accordingly, the Court is satisfied that no issue of material fact exists regarding the existence of a valid contract between Roosevelt and the defendants. See Fed. R. Civ. P. 56(a).

### B. Defendants Breached their Obligations in the Promissory Note

The defendants' failure to make monthly payments to Roosevelt constitutes a breach of their obligations set forth in the promissory note. See e.g., Fleet Nat'l Bank v. Liuzzo, 766 F. Supp. 61, 66 (D.R.I. 1991) (defendant failed to pay the principal on the loan agreement, defaulting on the loan and causing a breach of contract).[8] Pursuant to the promissory note, should the defendants "not pay the full amount of each monthly payment on the date it is due, [they] will be in default." (Docket No. 19, Ex. 3

---

[7] Local Rule 56 governs the factual assertions made by both parties in the context of summary judgment. Loc. R. 56; Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). The Rule "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." CMI Capital Market Inv. v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008). The movant must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. R. 56(b). The nonmovant must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. R. 56(c). The movant may reply and admit, deny, or qualify the opponent's newly-stated facts in a separate statement and by reference to each numbered paragraph. Loc. Rule 56(d). Facts that are properly supported "shall be deemed admitted unless properly controverted." Loc. R. 56(e); P.R. Am. Ins. Co., 603 F.3d 125, 130 (1st Cir. 2010).

[8] "It is a customary feature of promissory notes that failure to pay when payment is due constitutes a default[.]" HICA Educ. Loan Corp. v. Webster, No. 11-146, 2012 U.S. Dist. LEXIS 24828, at *22 (D. Me. Jan. 27, 2012).

at p. 2.) In its statement of uncontested material facts, Roosevelt asserted that the "[d]efendants defaulted on the payment obligation and as of December 9, 2015 [the] defendants owed [Roosevelt] . . . a total outstanding . . . balance of $138,018.92." (Docket No. 19, Ex. 2 at pp. 4-5.) The defendants concede that they defaulted on the promissory note, qualifying only that "[t]here is a controversy as to the amount owed." (Docket No. 26, Ex. 1 at p. 2.) Because the defendants failed to controvert Roosevelt's statement regarding default, the Court deems this fact as true. See id. at pp. 2-3; Loc. R. 56(e). Consequently, the Court is satisfied that no issue of material fact exists regarding Cruz and Agosto's breach of the promissory note. See Fed. R. Civ. P. 56(a).

**C.   The Amount of Outstanding Debt on the Promissory Note**

No genuine issue of material fact exists concerning the amount that Cruz and Agosto owe Roosevelt. Roosevelt relies on Rushmore's declaration, stating that the defendants owe a total outstanding principal balance of $138,018.92 as of December 9, 2015. See Docket No. 19, Ex. 2 at pp. 4-5. Cruz and Agosto assert that "[t]here is a controversy as to the amount that is owed, if any" without admitting, denying or qualifying whether the defendants owe $138,018.92. Id.; see DeNovellis v. Shalala, 124 F.3d 298, 308 (1st Cir. 1999) ("At the summary judgment stage the

judge's function is not [. . .] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). Facts that are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co., 603 F.3d at 130 (1st Cir. 2010). Where a party does not act in compliance with Local Rule 56(c), "a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." Ríos Jiménez v. Principi, 520 F.3d 31, 38 (1st Cir. 2008) (citing Cosme Rosado v. Serrano Rodríguez, 360 F.3d 42, 45 (1st Cir. 2004)). The defendants fail to set forth any citation to the record regarding the amount of outstanding debt. See Loc. R. 56 (c, e). Because Cruz and Agosto provide no evidence in support of their contentions, their allegations are unsupported and conclusory. See Machete Music, 744 F.3d at 778; see also Vega v. Kodak Caribbean, 3 F.3d 476, 479 (1st Cir. 1993) ("[T]he material creating the factual dispute must herald the existence of definite, competent evidence fortifying the [nonmovant]'s version of the truth. Optimistic conjecture, unbridled speculation, or hopeful surmise will not suffice.") (internal citations omitted). Accordingly, the Court accepts Roosevelt's assessment of the total amount owed by Cruz and Agosto as of December 9, 2015 pursuant to the promissory note. See Fed.

R. Civ. P. 56(a).  It is just a mathematical exercise to determine the current amount that is due.

## V.   Conclusion

For the reasons set forth above, Roosevelt's motion for summary judgment is **GRANTED**.  (Docket No. 19.)  The Court **ORDERS** Roosevelt to submit a proposed judgment that reflects the current amount owed by Cruz and Agosto including the outstanding principal, interest, and other fees **no later than July 20, 2018**.  No extensions will be allowed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 6, 2018.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE